# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2021

Lyle W. Cayce
Clerk

No. 21-40492
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Ernesto Palacios-Martinez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:20-CR-112-1

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Ernesto Palacios-Martinez pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(1).[1]

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] Palacios-Martinez pleaded guilty pursuant to a plea agreement containing a waiver of appellate rights. Because the only claim Palacios-Martinez presents on appeal is foreclosed by binding precedent, we do not reach the enforceability of the waiver.

No. 21-40492

The district court sentenced Palacios-Martinez to 63 months imprisonment and two years supervised release—a within-guidelines sentence. Palacios-Martinez appeals, challenging the constitutionality of the sentence enhancement provisions of § 1326(b)(1) and (b)(2), on their face and as applied to him, based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000). His primary contention is that the required elements of the increased statutory maximum sentence afforded by (b)(2) were not charged in the indictment or proven to a jury beyond a reasonable doubt. He acknowledges, however, that his claim is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See, e.g.*, *United States v. Murillo-Portales*, 857 F. App'x 827, 828 (5th Cir. 2021) (unpublished).

Palacios-Martinez's sole claim on appeal is foreclosed by *Almendarez-Torres*, so the judgment of the district court is AFFIRMED.